UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 2:17-mj-19
                                                    HON. TIMOTHY P. GREELEY

PATRICK JOSEPH SIEVERS,

    Defendant.
_____/


## ORDER OF DETENTION PENDING TRIAL

Defendant Patrick Joseph Sievers is charged with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The Government has filed a motion seeking to detain Defendant pending trial. (ECF No. 6.) On June 14, 2017, the Court held a hearing on the motion. For the reasons stated below, the Court grants the Government's motion and orders that Defendant shall be detained pending trial.

Defendant's charge in this case is the result of a narcotics investigation by the Upper Peninsula Substance Enforcement Team (UPSET). In October 2016, UPSET began investigating Defendant. Over several months, the officers used confidential informants to conduct numerous controlled buys. Although the controlled buys were never with Defendant directly, the surveillance of at least three of the controlled buys led officers to the dead-end road where Defendant resided.

On March 30, 2017, officers arrested Defendant on a state-issued arrest warrant. Shortly after arresting Defendant, officers executed a search warrant at Defendant's residence. As a result of the search, officers found six grams of methamphetamine, digital scales, marijuana, several guns, a radio frequency transmitter, and Defendant's identification card. The next day, officers executed a second search warrant on Defendant's truck. As a result of this search, officers found marijuana, a loaded .40 caliber pistol, a digital scale, baggies, an additional radio frequency transmitter, and what officers believe to be another 222.5 grams of methamphetamine.[1]

Under the Bail Reform Act of 1984, 18 U.S.C. § 3142 *et seq.*, a court shall order the detention of a defendant pending trial only when the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). The government has the burden to prove risk of flight by a preponderance of the evidence and dangerousness to the community by clear and convincing evidence. *United States. v. Hinton*, 113 Fed. App'x 76, 77 (6th Cir. 2004) (citing *United States. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). To determine whether the government has carried its burden, the Court must consider: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

However, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person

---

[1] Based on this weight, Defendant is facing a mandatory minimum sentence of 10 years.

committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. § 3142(e)(3). This presumption imposes a burden of production on the defendant to show that he is not a flight risk or danger to the community. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." *Id.* (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991)). The Government still retains the burden of persuasion. *Id.*

In this case, the rebuttable presumption applies because Defendant is charged, by a criminal complaint, with violating a provision of the Controlled Substances Act which carries a maximum term of imprisonment of 20 years. Thus, Defendant has the burden of production to show that he is not a flight risk or danger to the community.

Defendant failed to meet his burden to rebut the presumption. At the hearing, Defendant argued that he has no prior felony convictions and that he has successfully completed probation on his prior misdemeanor convictions. Defendant also stated that the state criminal charges against him have been dismissed. If released, he indicated that he would be able to live with his mother and that his employer may be willing to rehire him. The Court finds that these facts alone are not enough to rebut the presumption.

Alternatively, even if Defendant rebutted the presumption, the Government has established that he is a danger to the community and that no condition or set of conditions can reasonably assure the safety of the community. The first factor the Court considers is the nature and circumstances of the offense charged. 18 U.S.C. § 3142(g)(1). The charge in this case is a serious one. Defendant is charged with possession of methamphetamine, a schedule II controlled substance, with intent to distribute. Moreover, because officers found over 200 grams of

methamphetamine in his truck, Defendant may be facing a mandatory minimum 10-year sentence. In addition, officers found multiple guns in Defendant's house and truck. Based on these facts, the Court finds that this factor weighs in favor of detention.

The second factor the Court considers is the weight of the evidence. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Methamphetamine is a dangerous drug and Defendant clearly placed people in the community at risk when he distributed the drug. More importantly, the fact that multiple firearms were located in Defendant's truck and residence strongly weighs towards Defendant's dangerousness.

The third factor the Court considers is the history and characteristics of the person, which includes: "his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Here, Defendant is 35 years old. He suffers from ADHD and his mother reported that he has some anger management issues. Defendant's criminal record is relatively minor. As mentioned above, he has no felony convictions. Defendant also indicated that he may be rehired at his place of employment if released.

However, the Court finds it very significant that Defendant lied during his initial interview with the probation officer. During the interview, Defendant told the probation officer that he was living with his mother in Ironwood, Michigan. When the probation officer talked to Defendant's mother, she said that Defendant has not been living at her house and that he resided at a friend's camp. At the hearing, defense counsel stated that this was the result of a

misunderstanding.  However, the probation officer disagreed and testified that he believed that Defendant was lying because he never mentioned the camp during the interview.

The fourth factor the Court considers is the "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).  Again, as discussed above, the amount of drugs and the possession of firearms shows the danger that Defendant presents to the community. Therefore, the Court finds that this factor weighs in favor of detention.

Accordingly, based on a consideration of all the factors, the Court finds that defendant poses a danger to the community and that no conditions of release will reasonably assure the safety of the community. Therefore, the Court grants the Government's motion and orders that Defendant shall be detained pending trial.

IT IS SO ORDERED

Dated:  June 15, 2017

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE